### THE STATE v. THE JUDGE OF THE CITY COURT OF NEW ORLEANS.

The provision of the second section of the act of 3 March, 1819, which declares that no appeal, taken from a judgment in favor of a landlord in an action to recover possession of the premises after the termination of the lease, shall suspend execution, is, as to judgments rendered in such cases by the City Court of New Orleans, virtually repealed by ss. 4, 5 of the act of 10 March, 1838; and a suspensive appeal may be obtained in all such cases, on giving bond, with sufficient surety, for any damage which the appellee may sustain in consequence of the delay occasioned thereby.

RULE to show cause why a *mandamus* should not be issued to the Judge of the City Court of New Orleans.

*McHenry*, for the rule.

*Collens*, judge of the City Court, *contrà*.

SIMON, J. The applicants complain that, having instituted a suit in the City Court of New Orleans, against one J. P. Stanby, to recover the possession of a certain tenement which they had leased to Messrs. Schmidt & Stanby for a store, the lease of which had expired, and having obtained judgment against said Stanby, by which the latter was ordered to surrender to them

---

the possession of said store, said defendant immediately filed a bond for $500, and obtained an order allowing him to take a suspensive appeal to this court from said judgment.

They further represent, that they applied to the City Court for a writ of possession, as contemplated by article 2683 of the Civil Code, but that the judge thereof refused to allow said judgment to be executed, or any further proceedings to be had in said case during the pendency of the appeal, although the law that gives jurisdiction to the City Court of cases of this class, expressly declares that the landlord may avail himself of the provisions of said law and of the said article 2683. They refer to the laws relative to the subject in controversy, and say that the refusal of the said judge to allow a writ of possession to issue, amounts to a denial of justice; wherefore they pray that a writ of *mandamus* may be issued, directing said judge to allow a writ of possession, &c.

The judge answered, that he granted the suspensive appeal agreeably to the usual practice of his court; that the interpretation given by his predecessor to the act of 1838, relative to the jurisdiction of the City Court, and to the last section of the act of 10 March, 1826, also relative to said court, was that, in the cases between landlord and tenant, for the possession of the premises leased, the defendants were entitled to a suspensive appeal, &c.

We think the judge did not err, in refusing to permit a writ of possession to issue. It is true that, by the second section of the law of 1819 (B. and C.'s Digest, p. 540, no. 3), it is provided that no appeal from a judgment rendered according to the first section shall suspend its execution; and that the said first section points out the proceedings to be had when a lessor wishes, upon the determination of the lease, to repossess himself of the premises leased, and says that it shall be lawful for the justice of the peace to give his judgment against the lessee, or tenant, ordering him to deliver to the lessor the possession of the demised premises, &c, which judgment, in case of refusal of the lessee to comply with it, is to be executed by the constable's acting under a warrant of possession issued for that purpose. It is also true that articles 2656 and 2683 of the Civil Code seem to be a re-enactment of the provisions contained in the first

section of the law of 1819, and that this court, so far back as 1833 (6 La. 58), recognised, in several instances, the validity of proceedings had under the said act of 1819. But by the terms of the law of 1838 (B. and C.'s Digest, p. 227, nos. 81 and 82), it is manifest that, with regard to judgments rendered by the City Court in matters of this kind, the first provision contained in the second section of the law of 1819 was virtually repealed; and that an appeal was allowed in cases in which it was previously denied. The fourth section of said law provides that, "*In all actions* hereafter instituted by landlords against tenants *for the possession of real property*, the presiding judge shall have, exclusively of justices of the peace and associate judges of the City Court, *original jurisdiction; and the proceedings shall be by petition and answer in writing, as in other cases, where the value in dispute shall exceed the sum of* $300, *and either party may appeal from any final judgment rendered in such cases directly to the Supreme Court, &c;* and the fifth section says, that "*No appeal* from any judgment rendered as provided in the preceding section *shall suspend execution, unless the appellant give bond, with good and sufficient security*, at the discretion of the court, *for all such damages as the appellee may sustain;* and it shall be lawful for any lessor to make use of the provisions of this act, and of article 2683 of the Civil Code, against any under tenant or lessee that he may find in possession of the premises leased," &c.

However different the practice may have been under the law of 1819, and previous to the enactment of the law of 1838, the provisions of the latter are so clear that they need no comment. They were adopted for the purpose of vesting the presiding judge of the City Court with original and exclusive jurisdiction in all actions instituted by landlords against their tenants for the the possession of real property, in cases in which the value indispute exceeds the sum of $300; of requiring the proceedings in such suits to be by petition and answer, so as to form an issue joined between the parties, as in other cases; and of permitting, after judgment thereon, an appeal to be taken therefrom directly to the Supreme Court, on the appellant's filing his bond, with a good and sufficient surety, for an amount to be fixed by the court *a*

*qua*, to secure the payment of all such damage as the appellee may sustain—from what? Evidently from the delay which the appeal may occasion in his resuming the possession of the property. Heretofore, the landlord had an immediate remedy, which no appeal could suspend; now, under the law of 1838, such remedy may be suspended by an appeal; but the appellant is bound to secure to the appellee the payment of any indemnification to which the latter may be entitled in consequence of the delay experienced in the final execution of the judgment rendered in his favor; and the law further provides, that its benefit, as also that of art. 2683 of the Civil Code, shall be extended in favor of any lessor against any under tenant, or lessee, whom he may find in possession of the property leased.

The rule is, therefore, discharged.